**Connie LeBLOND**

v.

**SENTINEL SERVICE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 5, 1993.

Decided Dec. 22, 1993.

Alan J. Levenson, Levenson, Vickerson & Beneman, Portland, for plaintiff.

Seth Berner, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Sentinel Service, Inc. appeals from a judgment entered in the Superior Court (Cumberland County, *Perkins, J.*) in favor of Connie LeBlond in an employment discrimination action brought pursuant to the Maine Human Rights Act, 5 M.R.S.A. §§ 4551–4632 (1989), wherein the court awarded $20,700 back pay. We affirm the judgment.

Connie LeBlond, a legally blind woman, went to Sentinel, a company that provides answering services to doctors and businesses in the Portland area, to apply for the position of switchboard operator. Theresa Milliken, president of Sentinel, was the first person that LeBlond encountered. When LeBlond explained that she had come to apply for the job, Milliken asked her if she had a vision problem. LeBlond replied that she was a blind person, whereupon Milliken told her that a blind person could not do the job. LeBlond's subsequent attempts to explain her switchboard experience and her ability to use her own adaptation equipment were rebuffed by Milliken, who simply restated her opinion that a blind person could not perform as a switchboard operator for her company.

Six days after this incident, LeBlond filed a complaint with the Maine Human Rights Commission alleging that Sentinel had unlawfully discriminated against her on the basis of her blindness. After an investigation, the Commission concluded that there were reasonable grounds to support the discrimination claim. Sentinel refused to participate in the informal conciliation process. *See* 5 M.R.S.A. § 4612(3). LeBlond filed a civil action. After a nonjury trial, the court found that Sentinel had unlawfully discriminated against LeBlond and ordered Sentinel to cease and desist such practices. *See id.* § 4613(2)(B)(1). The court also awarded LeBlond civil damages of $1,000, *id.*

§ 4613(2)(B)(7); attorney fees, *id.* § 4622; and back pay in the amount of $20,700. *Id.* § 4613(2)(B)(2). Sentinel appealed from the judgment entered on the court's order.

## I.

Under the Maine Human Rights Act it is unlawful for an employer to "discriminate against any applicant for employment because of race or color, sex, physical or mental handicap,[1] religion, ancestry or national origin or age." *Id.* § 4572. One of the defenses available to employers is the "bona fide occupational qualification" defense, wherein an employer is allowed to discriminate against an entire class of persons protected under the Act, on the ground that the class of applicants, by its very nature, is not able to perform the job. *Id.; see Percy v. Allen,* 449 A.2d 337, 343 (Me.1982). Because the "BFOQ" defense runs contrary to the non-discriminatory intent of the Act, however, we have held that it must be construed very narrowly using a two-prong test whereby the employer must show: (1) that the essence of the business operation requires the discriminatory practice, and (2) that there was a factual basis for the belief that all or substantially all persons in the excluded category would be unable to perform the job in a safe or efficient manner. *Rozanski v. A–P–A Transp., Inc.,* 512 A.2d 335, 341 (Me.1986); *see also Maine Human Rights Comm'n v. Canadian Pac.,* 458 A.2d 1225, 1232 (Me.1983). The court found that Sentinel failed to meet the requirements for a BFOQ defense. Because the employer has the burden of proof on a BFOQ defense, we will uphold the findings of the trial court unless the evidence compels a contrary finding. *Plourde v. Scott Paper Co.,* 552 A.2d 1257, 1260 (Me.1989). Sentinel did not prove it had an established and justified policy for excluding blind applicants, nor did it show that the "essence" of its business operations required the exclusion of such applicants. The BFOQ defense does not, in this instance, excuse discriminatory conduct in the hiring process.

---

1. In 1991, the Legislature amended the Act to replace all references to "handicap" with "dis-ability." 5 M.R.S.A. § 4572 (Supp.1992).

## II.

Sentinel also contends that the court's award of back pay was excessive in that it was not reduced by an amount LeBlond could have earned through "reasonable diligence." *Maine Human Rights Comm'n v. City of Auburn,* 425 A.2d 990, 998 (Me.1981). We reject this contention for two reasons. First, Sentinel did not carry its burden to prove that the employee could have mitigated her damages by finding other employment. *Id.* at 999. Second, we will uphold an award of back pay absent clear error by the grant of the award or an abuse of discretion in the amount awarded. Here the record reflects LeBlond's compliance with section 4622, which is a prerequisite to the court's authorization for the grant of the award. We have previously stated that it is not an abuse of discretion when the court awards back pay in amounts "designed to make the employee whole and not to penalize the employer unless that penalty is authorized by statute." *Rozanski v. A–P–A Transp., Inc.,* 512 A.2d at 342. This award, which properly reflected the amount LeBlond would have earned if she had been hired by Sentinel minus the small sum she earned in another job, was designed to make LeBlond whole and did not inappropriately penalize Sentinel.

The entry is:

Judgment affirmed.

All concurring.